UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14053-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARLOS LOPEZ-RUBIO,

    Defendant.
_____/

FILED by ___ D.C.
DEC 13 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION TO DISMISS CRIMINAL INFORMATION [D.E. #23]

**THIS CAUSE** having come on to be heard upon the aforementioned motion and this Court having reviewed the motion and the government's response, makes the following recommendations to the District Court:

1. The motion seeks to dismiss the pending Information because the Defendant argues the government has not sufficiently alleged nor is able to allege that the Defendant is "amenable" to the sentencing provisions which allege enhancement of the Defendant's sentence because of a prior conviction for an aggravated felony. The motion alleges that the government has charged the Defendant with being an alien, having been previously deported and removed from the United States, to have been found in the United States without the approval of the Attorney General or his successor having consented to the Defendant's reapplying for admission. The Information further charges this conduct is in violation of Title 8, United States Code, §§ 1326(a) and (b)(2).

2. The Defendant's motion alleges that § 1326(b)(2) requires the government to establish a prior conviction of an aggravated felony for enhancement of the sentence

should the Defendant be convicted of the underlying offense of illegal re-entry of a previously deported alien in violation of § 1326(a). The Defendant argues that the Defendant's prior conviction in this case does not constitute an aggravated felony. In support of his argument, the Defendant cites to the United States Supreme Court decision in Moncrieffe v. Holder, 133 S.Ct. 1678 (2013). The Defendant argues that in Moncrieffe, the Supreme Court found that a state conviction for possession of marijuana with intent to distribute was not an aggravated felony under the Immigration and Nationality Act. Further, the Defendant argues that the court in Moncrieffe held that, in deciding whether or not a prior conviction constitutes an aggravated felony, the appropriate test is whether or not the prior state drug conviction was proscribed conduct punishable as a felony under the Federal Controlled Substances Act. The Defendant's motion argues that his prior conviction does not meet the Moncrieffe test as a qualifying prior conviction which would constitute an aggravated felony.

3. This Court has reviewed the opinion in Moncrieffe and it is fact specific. It does not hold that the prior conviction of this Defendant, Carlos Lopez-Rubio, does not constitute an aggravated felony. Moncrieffe addressed the particular factual situation set forth before it at the time that the opinion was rendered. The court in Moncrieffe specifically held that in determining whether or not a state conviction qualifies as an aggravated felony under the Immigration and Nationality Act, the court looks not to the facts of a particular prior case, but instead to whether the state statute defining a crime of conviction categorically fits within a generic federal definition of a corresponding aggravated felony. This is an issue to be addressed at sentencing. In the event the Defendant is convicted of the underlying offense charged in the Information, the

government must establish at the time of sentencing that the Defendant's prior conviction meets the definition of an aggravated felony under the Moncrieffe analysis before an enhanced sentence could be imposed by the District Court.

4. The Eleventh Circuit in Donawa v. United States Attorney General, 735 F.3d 1275 (11th Cir. 2013) relied upon the decision in Moncrieffe and held that a court must confine its consideration only to the fact of conviction and the statutory definition of that offense. The court is not to consider the particular facts of a case. Rather, the court only asks whether the state statute defining a crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony.

5. The Defendant's Motion to Dismiss argues that the underlying state conviction which the government alleges constitutes an aggravated felony, must be pled in the Information and proven as an element of the offense. This is an inaccurate reading of Moncrieffe and its progeny. An indictment is sufficient if it contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. United States v. Pacchioli, 718 F.3d 1294 (11th Cir. 2013) and United States v. Garrett, 467 Fed. Appx. 864 (11th Cir. 2012). The Information in this case tracks the language of the statute and informs the Defendant Carlos Lopez-Rubio of the offense against which he must defend. The Information accurately puts him on notice as to the charge so as to be able to avoid double jeopardy as referenced by the case law cited by this Court previously. Section 1326(b)(2) as referenced in the Information is a sentencing provision by which the government is seeking enhancement of the Defendant's sentence.

The Defendant is put on notice of this fact based upon the statutory citation embodied in the Information as well as the Penalty Sheet attached to the Information and filed herein.

6. The United States Supreme Court in Almendarez-Torres v. United States, 523 U.S. 224 (1998) held that a defendant's prior conviction did not need to be alleged in the indictment to enhance the defendant's sentence under Title 8, United States Code, §1326(b)(2). The Eleventh Circuit Court of Appeals pointed out in United States v. Louis, 336 Fed. Appx. 866 (11th Cir. 2009) that the Supreme Court has not yet chosen to specifically overrule Almendarez-Torres and therefore it remains binding precedent. As a result, the court in Louis found that in sentencing a defendant convicted of illegally re-entering the United States after having been previously removed, the district court was not prohibited from determining the character of the defendant's prior conviction based upon the statutory elements of the crime.

7. Section 1326 (b)(2), as charged in the Information in this case, authorizes an enhanced sentence of up to twenty (20) years for illegal re-entry after previous deportation following a conviction of aggravated felony. This statutory provision is not a separate crime from illegal re-entry after deportation. Rather, it is a penalty provision and the government thus is not required to list Defendant's prior aggravated felony as an element of the crime in the Indictment/Information in order for the Court to impose a sentence exceeding the two year statutory maximum for illegal re-entry after deportation. United States v. Martinez, 405 Fed. Appx. 410 (11th Cir. 2010) and United States v. Molina-Garcia, 405 Fed. Appx. 393 (11th Cir. 2010).

8. Based upon the foregoing, the determination as to whether or not the Defendant's prior conviction constitutes an aggravated felony so as to justify a sentencing

4

enhancement, is a question of law for the sentencing court to determine should the Defendant be convicted of the underlying offense of illegal re-entry of a previously deported alien. The sentencing enhancement provision under § 1326(b)(2) is not an element of the crime and need not be charged in the Information. Further, it is not an element of proof before the fact finder. Rather, it is a sentencing issue which must be established by the government at the time of sentencing in conformance with the guidelines set forth by the Supreme Court in Moncrieffe and the Eleventh Circuit in Donawa.

9. The Information before this Court does accurately charge a crime and is not subject to dismissal. Rather, the arguments made by the Defendant in his Motion to Dismiss are more properly raised at the time of sentencing when the Court must determine whether or not the Defendant's prior conviction constitutes an aggravated felony so as to justify a sentencing enhancement. This issue will only be addressed should the Defendant be convicted of the underlying offense set forth in the Information.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion To Dismiss Criminal Information [D.E. #23] be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _13th_ day of December, 2013, at Fort Pierce, Northern Division of the Southern District of Florida.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
AUSA Shaniek Maynard
Vincent J. Benincasa, Esq.